Edward Munoz CHAVEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1286–91.

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1992.

J. Pink Dickens, Plainview, for appellant.

Terry McEachern, Dist. Atty., and Cheryl N. Farren, Asst. Dist. Atty., Plainview, Robert Huttash, State's Atty. and Matthew W. Paul, Asst., State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellant was convicted of theft and his punishment assessed at confinement in jail for a period of one year and a fine of $1,000. The Amarillo Court of Appeals affirmed in an unpublished opinion, holding that unexplained possession of recently stolen property is sufficient circumstantial evidence of guilt to sustain conviction for theft under an information charging that the accused received property knowing it was stolen by another. *Chavez v. State,* Tex.App.—Amarillo, Cause No. 07–91–0010–CR, delivered August 27, 1991. Appellant, relying on opinions such as *Hynson v. State,* 656 S.W.2d 460 (Tex.Crim.App.1983) and *Muniz v. State,* 663 S.W.2d 660 (Tex.App.—Corpus Christi 1983), maintains that the rule of recent unexplained possession does not apply in cases of receiving stolen property. We granted discretionary review to consider whether the Court of Appeals erred in failing to apply the rule of *Hynson* in this case. Because a proper application of the rule in *Hynson* is necessarily dependant on its continued vitality, we necessarily examine the impact of our more recent decision in *McClain v. State,* 687 S.W.2d 350 (Tex.Crim.App.1985) in resolving the issues at hand.

### I.

On May 21, 1990, Carl Pelphrey reported to Plainview police that several items from his shed were missing, among them a lawnmower, a weedeater, and a child's bike. Several days later, Crimestoppers, a weekly bulletin in the Plainview newspaper, reported the theft. Soon after, the police received an anonymous phone call that Appellant had been seen carrying such property into the apartment of his common-law wife. The caller also stated that she had seen the property inside that apartment on two later occasions.

Based on this information, and their knowledge that Appellant lived near the complainant for a time, the police obtained a search warrant for his wife's residence. There, they discovered all of the property described by the caller and reported stolen by the complainant. Appellant at first denied that the items belonged to him, but he eventually admitted that they were his without explaining how he acquired them.

### II.

Our decisional law has long permitted the conviction of a person for theft if the evidence shows him to have been found in possession of recently stolen property without offering an explanation inconsistent with guilt when first called upon directly or circumstantially to do so. *Sutherlin v. State,* 682 S.W.2d 546 (Tex.Crim.App.1984). Although often denominated a presumption

in our earlier opinions, the rule merely states conditions under which reviewing courts may regard the evidence as sufficient for a rational finding of guilt. *Hardesty v. State*, 656 S.W.2d 73, 76–77 (Tex. Crim.App.1983). This rule of sufficiency is necessarily based upon a belief that those who steal property usually remain in possession of it for some time afterwards and that persons acquiring property honestly during such an interval are typically willing to explain how they came by it.

We have been disinclined, however, to apply the same rule when evaluating sufficiency of the evidence to prove receipt of property, knowing it to have been stolen by another. Under such circumstances, we have not thought it probable enough for criminal conviction that those who receive property from a thief usually know that it was stolen by him. Accordingly, our decisions hold that more proof than the mere circumstance of recent, unexplained possession is required to sustain a conviction in such cases. *Hynson v. State*, 656 S.W.2d 460 (Tex.Crim.App.1983).

Dissimilar treatment of these related evidentiary problems would not have seemed remarkable until 1985, when it was discovered that consolidation of theft offenses by the latest revision of our Penal Code had effectively eliminated any erstwhile distinction between theft and receiving stolen property. *McClain v. State*, 687 S.W.2d 350 (Tex.Crim.App.1985). Under the 1925 Code, those crimes were proscribed by different statutes, but they now appear as subdivisions of the same general theft law. Accordingly, we held in *McClain* that "knowing the property possessed 'was stolen by another' is merely a subset of knowing the possession is 'without the owner's consent.'" 687 S.W.2d at 354. To plead theft, therefore, the State has only to allege that the accused appropriated property unlawfully with intent to deprive the owner of it. The manner in which he came to possess it, whether by initially taking it from the owner or by subsequently receiving it from someone who did, is not an essential element of theft under current law.

Today, evidence sufficient to show an accused exercised control over property without consent of the owner, intending to deprive him of it, is always enough to prove theft. Evidence of various kinds may serve the purpose. Receiving property from another, knowing it to be stolen by him, establishes the offense because it is tantamount under *McClain* to a knowing exercise of control without consent of the owner. Unexplained possession of recently stolen property also establishes the offense, because it has long been considered sufficient to prove the same elements. And now, because the receipt of stolen property is no longer an offense requiring proof of different statutory elements, it follows that proof of unexplained possession is also sufficient for conviction in cases where the accused in fact received the stolen property from someone other than the alleged owner. To the extent that *Hynson* held otherwise, it was overruled in *McClain* by necessary implication.

Nevertheless, while it is no longer necessary to plead the receipt of property knowing it was stolen by another, it is clear that an actual pleading of these matters does commit the State to prove them at trial. Under *McClain*, the knowing receipt of stolen property is a subset of appropriation without effective consent. Pleading it, therefore, represents a more specific allegation of that which it is necessary to prove in any case. And our law is well settled that unnecessarily specific allegations of this kind are not merely surplusage, but must be proven to sustain conviction. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990); *McWilliams v. State*, 782 S.W.2d 871, 873–874 (Tex.Crim. App.1990), and cases cited therein. Certainly this is true where, as here, the jury was in fact instructed that it might not convict without finding such elements to be true beyond reasonable doubt. *See Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App. 1984). The impact of *Hynson* under these circumstances, and the extent to which it survives *McClain*, is that unexplained possession of recently stolen property is not sufficient proof of theft in any case where

the State is required by its pleadings specifically to demonstrate that the accused received property, knowing it was stolen by another. Because the Court of Appeals held otherwise, we sustain Appellant's first two grounds for review.

The State, anticipating this result, argues that the Court of Appeals, although purporting to apply the unexplained possession rule, nevertheless actually relied upon other evidence which, in the aggregate, was sufficient for conviction when taken together with the circumstance of unexplained possession. *See Hardesty v. State.* That may very well be true. If it is, the Court of Appeals will have a chance to say so on remand.* Meanwhile, for its misplaced reliance on the rule that unexplained possession of recently stolen property is sufficient for conviction, we reverse its judgment and remand for reconsideration in a manner not inconsistent with this opinion.

MILLER and MALONEY, JJ., concur in the result.

OVERSTREET, J., dissents.

BAIRD, Judge, concurring.

For the following reasons, I believe the majority's discussion of *McClain v. State,* 687 S.W.2d 350 (Tex.Cr.App.1985), is circular and wholly unnecessary. *McClain* was not cited or relied upon by the Court of Appeals, nor was it mentioned in appellant's petition for discretionary review, or either of the briefs before this Court. As the majority opinion ultimately proves, the discussion of *McClain* is gratuitous dicta which adds nothing to the settled jurisprudence of this State.

I.

Appellant contends "the rule of recent unexplained possession does not apply in cases of receiving stolen property." See page 587.[1] Rather than directly addressing appellant's contention, the majority launches into a discussion of *McClain,* to establish the general proposition that, in order to plead theft, "the State has only to allege that the accused appropriated property unlawfully with intent to deprive the owner of it." Majority Opinion at 588. However, the majority fails to recognize that this case involves the sufficiency of the evidence, not the sufficiency of the charging instrument. Only at the conclusion of its opinion does the majority realize the State specifically pled the property was unlawfully appropriated under Tex.Penal Code Ann. § 31.03(b)(2) and was bound to prove that allegation.[2] Therefore, the discussion of *McClain* is not necessary to the resolution of any issue before us. Accord-

---

* We also initially agreed to consider Appellant's fourth ground for review, complaining of certain jury instructions at trial. However, after further study, we are of the opinion that review was improvidently granted on this ground. We, therefore, dismiss Appellant's fourth ground for review, implying no disposition on the merits whatsoever.

1. We granted the following grounds for review:
   1. The Court of Appeals opinion is in conflict with the holding of this Court in *Walker v. State,* 539 S.W.2d 894 (Tex.Crim.App.–1976); *Pool v. State,* 528 S.W.2d 255 (Tex.Crim.App.–1975); and *Hynson v. State,* 656 S.W.2d 460 (Tex.Crim.App.–1983) holding that recent unexplained possession of stolen property does not create a presumption of guilt in the case of receiving or possessing stolen property.
   2. The Court of Appeals opinion is in conflict with an opinion of the Court of Appeals of Corpus Christi in *Muniz v. State,* 663 S.W.2d 660 (Tex.App.—Corpus Christi–1983) no writ. which held without the State showing Appellant knew the property was stolen the evi-

dence was insufficient to show theft by possession of stolen property. The presumption of recent possession did not apply. *and*
   4. The Court of Appeals erroneously held that the Appellant's requested charge was a misstatement of law which holding is in conflict with *Walker v. State,* supra; *Pool v. State,* supra; *Hynson v. State,* supra; and *Muniz v. State,* supra.

2. The information in this case alleged:

   I ... Assistant District Attorney of Hale County ... do ... present, that in the County of Hale in the State of Texas, on or about the 29th, day of May, A.D.1990, one, *EDWARD MUNOZ CHAVEZ,* did then and there intentionally, knowingly said property was stolen by another, appropriate, by acquiring and otherwise exercising control over, said property which was stolen to-wit: ... of a value of at least two hundred dollars but less than seven hundred and fifty dollars from an unknown person, with the intent to deprive the owner ... of said property....

ingly, it should be treated purely as dicta and not binding on any future decision of the Court. *Woolridge v. State,* 827 S.W.2d 900, 905 (Tex.Cr.App.1992).

## II.

The majority's discussion of *McClain* presents a circular argument that serves only to confuse a settled area of our law, namely, that where the State alleges matters "descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence." *Burrell v. State,* 526 S.W.2d 799, 802–803 (Tex.Cr.App.1975). The majority, relying on *McClain,* states:

> ... To plead theft, therefore, the State has only to allege that the accused appropriated property unlawfully with intent to deprive the owner of it.

Majority Opinion at 588.

This statement is certainly true in light of *Studer v. State,* 799 S.W.2d 263, 272–273 (Tex.Cr.App.1990), wherein we essentially held that which purports to be a valid charging instrument is, without objection, a valid charging instrument. *See also, Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Cr.App.1990) (Failure to object to faulty indictment before trial will forever waive error); *and, Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Cr.App.1990) ("[I]f the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment for purposes of Art. V., § 12(b), and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case"). However, the majority erred by stating:

> The *manner* in which he came to possess it, whether by initially taking it from the owner or by subsequently receiving it from someone who did, *is not an essential element of theft under current law.*[3]

> \* \* \* \* \* \*

> ... And now, because the receipt of stolen property is no longer an offense requiring proof of different statutory elements, it follows that proof of unex-

plained possession is also sufficient for conviction in cases where the accused in fact received the stolen property from someone other than the alleged owner.

Majority Opinion at 588.

This interpretation of § 31.03(b)(2) is erroneous. Just because the particular method of unlawful appropriation need not be plead, does not mean the manner of unlawful appropriation is not as essential element. Unlawful appropriation is an essential element in any theft case. § 31.03 provides in part:

> (a) A person commits an offense if he *unlawfully appropriates* property with intent to deprive the owner of the property.
>
> (b) *Appropriation* of property is *unlawful* if:
>
> (1) it is without the owner's effective consent;
>
> (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or
>
> (3) property in the custody of any law enforcement agency was explicitly represented by an law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

If the State purports to charge the offense of theft under § 31.03, without alleging the specific method of unlawful appropriation, the charging instrument is subject to a motion to quash. In *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977), we held:

> Although challenge to an accusation for failure to give adequate notice on which to prepare a defense must be asserted in a timely fashion ... when properly asserted with adequate statement of the manner in which notice is deficient, fundamental constitutional protections are invoked. Because of the fundamental notions of fairness that require adequate notice of the nature of the charges against the accused in our system of justice, a timely claim of inadequate notice requires careful consideration. This calls for examination of the criminal ac-

---

**3.** All emphasis herein is supplied by the author unless otherwise indicated.

cusation from the perspective of the accused, as contrasted to the measurement of its allegations against the statute that is the test for a claim that no offense is alleged.

*Drumm,* 560 S.W.2d at 946–947. *See also, Miller v. State,* 677 S.W.2d 737, 740 (Tex. App.—Corpus Christi 1984).

In *Thomas v. State,* 621 S.W.2d 158 (Tex. Cr.App.1981) (opinion on rehearing), we set forth our general rule concerning the State's pleadings:

> ... The Legislature has established offenses and the elements constituting those offenses. The terms and elements are further defined within the Penal Code. Under these cases, the definitions of the terms and the elements are *essentially evidentiary* and need not be alleged in the indictment. This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient.

*Thomas,* 621 S.W.2d at 161 (emphasis in original). However, § 31.03 is subject to that "rare exception." As we held in *Gibbons v. State,* 652 S.W.2d 413 (Tex.Cr.App. 1983), a charging instrument which:

> ... contains a necessary allegation of an act by the accused which comprises more than one *statutorily defined* means of performance ... but the indictment fails to specify which of the statutory definitions of the act is relied upon, the indictment is subject to a motion to quash. [Emphasis in original.]

*Gibbons,* 652 S.W.2d at 415. *See also, Geter v. State,* 779 S.W.2d 403, 405–406 (Tex.Cr.App.1989); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982); *Solis v. State,* 787 S.W.2d 388 (Tex.Cr.App.1990); *Reynolds v. State,* 723 S.W.2d 685, 686 (Tex.Cr.App.1986); *Dismore v. State,* 658 S.W.2d 684, 685 (Tex.App.—El Paso 1983); *and, Hogue v. State,* 752 S.W.2d 585, 590 (Tex.App.—Tyler 1987).

Therefore, while it is not necessary for the specific method of unlawful appropriation to be pled, in the face of a timely motion to quash, the State will necessarily be required to plead one of the types of unlawful appropriation in § 31.03(b). Once pled, as the majority correctly notes, the allegation of the manner of the unlawful appropriation "must be proven to sustain conviction." Majority Opinion at 588 (and cases cited therein). On the appeal of such a case, we will be constrained to hold, as we have today, that evidence of unexplained possession of recently stolen property is insufficient to prove unlawful appropriation under Tex.Penal Code Ann. § 31.-03(b)(2). *See, Hynson v. State,* 656 S.W.2d 460 (Tex.Cr.App.1983).

Because the majority's discussion of *McClain* is circular and wholly unnecessary, I can only concur in the result.