NUMBER 13-02-00037-CR

 COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 

MARLON DEWITT WOODARD, Appellant,

v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 232nd District Court of Harris County, Texas.

 

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez and Garza 

Opinion by Justice Garza


 Appellant, Marlon Dewitt Woodard, was convicted by a jury for the offense of theft of property valued at more than one
thousand five hundred dollars and less than twenty thousand dollars. Punishment was assessed at two hundred days
confinement. On appeal, appellant contends the evidence is legally and factually insufficient to support his conviction. We
affirm.

 As this is a memorandum opinion, we only advise the parties of our decision and the basic reasons for it. Tex. R. App. P.
47.4.

A. Sufficiency of Evidence


 Appellant contends the evidence is legally and factually insufficient to support his conviction. (1) Specifically, appellant
argues that the evidence is legally and factually insufficient to prove he had the intent to deprive the owner of her property
at the time the property was obtained. We disagree. 

1. Legal Sufficiency

 A legal sufficiency challenge calls upon the reviewing court to look at the relevant evidence in the light most favorable to
the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
As fact finder, the jury is the exclusive judge of the credibility of witnesses and the weight to be afforded their testimony. 
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
The jury is free to accept one version of the facts, reject another, or reject all or any of a witness's testimony. Penagraph v.
State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). The standard is the same for both direct and circumstantial evidence
cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660 (Tex.
App.--Corpus Christi 1989, pet. ref'd). Simply presenting a different version of events on appeal does not render the State's
evidence insufficient. Anderson v. State, 701 S.W.2d 868, 872 (Tex. Crim. App. 1985).

 A person is guilty of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. Tex.
Pen. Code Ann. § 31.03(a) (Vernon 2003). Appropriation of property is unlawful if: (1) it is without the owner's effective
consent; or (2) the property is stolen and the actor appropriates the property knowing it was stolen by another. Tex. Pen.
Code Ann. § 31.03(b)(1)-(2) (Vernon 2003). The intent to deprive is determined from the words and acts of the accused.
Roberson v. State, 821 S.W.2d 446, 448 (Tex. App.- Corpus Christi 1991, pet. ref'd). 

 Appellant argues that the state failed to prove the requisite intent to deprive the owner of her property at the time the
property was obtained. Appellant also argues there was no evidence that he acquired the ring while he was working at the
complainant's house, and that he did not know it was stolen because he found it in the moving company's driveway after
sweeping out the truck. Appellant worked for a moving company that was hired by the complainant. At trial, the
complainant testified that the ring was placed in a case she hid in the closet of the upstairs bedroom. At no time did the
complainant tell the movers to enter that closet or move anything from it. The manager of the moving company testified
that there is no company policy of "finders-keepers, losers-weepers," and that if a company employee finds an item and
they do not know who it belongs to, they are required to place the item in a designated area at the company offices. The
manager further testified that appellant did not report that he had found the ring when asked about it. Appellant admitted
that he pawned the ring for $480. 

 After reviewing all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could
have found all of the elements of theft, including the intent to deprive, beyond a reasonable doubt. The evidence is legally
sufficient to support appellant's conviction. (2) We overrule appellant's legal sufficiency challenge. 

 


 Factual Sufficiency


 When we review the factual sufficiency of the evidence, we ask whether a neutral review of all the evidence, both for and
against the finding demonstrates that: (1) the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination; or (2) the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson,
23 S.W.3d at 11. We are not bound to view the evidence in the light most favorable to the prosecution and may consider
the testimony of all the witnesses. See id. at 10-12. Disagreeing with the fact finder's determination is appropriate only
when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice; otherwise, due
deference must be accorded the fact finder's determinations. See id. at 12. 

 After a neutral review of all the evidence, we conclude that the proof of guilt is neither so obviously weak as to undermine
confidence in the jury's determination, nor is the proof of guilt greatly outweighed by contrary proof. The evidence is
factually sufficient to support appellant's conviction. We overrule appellant's factual sufficiency challenge.

 Accordingly, we affirm the judgment of the trial court.

________________________

DORI CONTRERAS GARZA, 

Justice



Do not publish. 

Tex. R. App. P. 47.2(b).

Opinion delivered and filed 

this the 3rd day of July, 2003.



 

1. Appellant asserts that the trial court erred in denying his motion for directed verdict. When a defendant is convicted of
the charged offense, a challenge to the ruling on a motion for directed verdict is actually a challenge to the legal sufficiency
of evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Nam Hoai Le v. State, 963 S.W.2d 838,
841 (Tex. App.- Corpus Christi 1998, pet. ref'd). Accordingly, the issue is whether the evidence was legally sufficient to
support appellant's conviction. 

2. Appellant cites Chavez v. State, 843 S.W.2d 586, 588-89 (Tex. Crim. App. 1992), for the proposition that unexplained
possession of recently stolen property is insufficient proof of theft in any case where the State is required by its pleadings
specifically to demonstrate that the accused received property, knowing it was stolen by another. Here, the jury charge
states that appellant unlawfully appropriated the property because it was without the owner's consent. See Tex. Pen. Code
Ann. § 31.03(b)(1) (Vernon 2003). Neither the jury charge nor the indictment state appellant unlawfully appropriated the
property because the property was stolen and appellant appropriated the property knowing it was stolen by another. See
Tex. Pen. Code Ann. § 31.03(b)(2) (Vernon 2003). Thus, we conclude Chavez is inapplicable.