COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-463-CR
 
KEVIN DEWAYNE MANUEL                                                     APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
I. INTRODUCTION
        Appellant Kevin Dewayne Manuel appeals his jury convictions of theft and 
unauthorized use of a motor vehicle. In four points, appellant complains the 
evidence was legally and factually insufficient to support the theft conviction; 
the trial court erred in including an instruction on the law of parties regarding 
the theft offense; and the conviction of unauthorized use of a motor vehicle 
violated his rights under the double jeopardy clause. We affirm appellant’s theft 
conviction and vacate the conviction of the lesser included offense of 
unauthorized use of a motor vehicle. 
II. FACTUAL AND LEGAL BACKGROUND
        On December 20, 2001, complainant Patricia Hass’s green 1997 BMW 
was stolen from her garage sometime between 11:00 p.m. and 12:30 a.m. 
Shortly after the theft was reported, an officer from the Fort Worth Police 
Department spotted the car while en route to a motel where another officer had 
reported seeing the car parked earlier that evening. After pulling the car over, 
officers found appellant driving the car and holding Hass’s driver’s license, 
checkbook, credit cards, and ATM card, as well as several ATM receipts. The 
ATM receipts reflected that at 12:55 and 12:56 a.m., someone had used the 
ATM card in an attempt to withdraw funds from an ATM machine at 2101 
Hudson Street. A passenger was also in the vehicle. Almost twenty-four hours 
later, appellant gave an oral statement to detectives, and later a written 
statement, stating someone else gave him the car. 
        In a two-count indictment, appellant was charged with theft of over 
$20,000 in the first count and unauthorized use of a motor vehicle in the 
second count. The jury found appellant guilty on both counts, and the trial 
court assessed punishment at twenty-five years on the theft offense and 
twenty years on the unauthorized use of a motor vehicle charge. This appeal 
followed. 
III. LEGAL SUFFICIENCY TO SUPPORT THEFT CONVICTION
        In his first issue, appellant contends that the evidence was legally 
insufficient to support his conviction for theft. More specifically, appellant 
maintains that the evidence was legally insufficient because nothing in the 
record shows that he was personally present or involved with the actual taking 
or that he possessed the required intent to deprive the complainant of her car 
at the time of the taking. 
        In reviewing the legal sufficiency of the evidence to support a conviction, 
we view all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh 
the evidence, and to draw reasonable inferences from basic facts to ultimate 
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal 
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the 
weight and credibility of the evidence and, thus, substituting our judgment for 
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1131 (2000). 
        A person commits the offense of theft if he unlawfully appropriates 
property with intent to deprive the owner of property. Tex. Penal Code Ann. § 
31.03(a) (Vernon Supp. 2004). Under the Penal Code, “deprivation” can occur 
by any of the following: (a) withholding property from the owner permanently 
or for so extended a period of time that a major portion of the value or 
enjoyment of the property is lost to the owner; (b) restoring property only upon 
payment of reward or other compensation; or (c) disposing of property in a 
manner that makes recovery of the property by the owner unlikely. Id. § 
31.01(2). “Appropriate” means to bring about a transfer or purported transfer 
of title to or other nonpossessory interest in property, whether to the actor or 
another; or to acquire or otherwise exercise control over property other than 
real property. Id. § 31.01(4). Appropriation of property is unlawful if it is 
without the owner’s effective consent or the property is stolen and the actor 
appropriates the property knowing it was stolen by another. Id. § 31.03(b). 
        It is well-established that unexplained possession of recently stolen 
property establishes the offense of theft. Chavez v. State, 843 S.W.2d 586, 
588 (Tex. Crim. App. 1992); Jackson v. State, 12 S.W.3d 836, 839 (Tex. 
App.—Waco 2000, pet. ref'd). Therefore, if a defendant is shown to have been 
in possession of recently stolen property after the theft occurred, the fact finder 
may draw an inference of guilt. Jackson, 12 S.W.3d at 839. In addition, 
possession “must involve a distinct and conscious assertion of right to the 
property by the defendant.” See, e.g., Tabor v. State, 88 S.W.3d 783, 786 
(Tex. App.—Tyler 2002, no pet.). In other words, there must be some 
evidence of care, custody, or control over the property that reflected intentional 
or knowing possession. See McKnight v. State, 399 S.W.2d 552, 555 (Tex. 
Crim. App. 1966) (holding evidence insufficient where defendant had access 
to garage where stolen property was stored and no other evidence connected 
defendant to the stolen property). Moreover, if a defendant offers an 
explanation for his possession of recently stolen property, the record must 
demonstrate that the defendant's explanation at the time his possession is 
called into question is either false or unreasonable before the evidence will 
support the conviction of theft. See Jackson, 12 S.W.3d at 839. The falsity 
of the explanation may be shown by circumstantial evidence and is an issue to 
be decided by the trier of fact. Id. 
        Here, the record shows that at 1:11 a.m. the officer stopped appellant 
driving a vehicle that had been stolen between 11:00 p.m. and 12:30 a.m. The 
same car had been seen earlier by another officer in the parking lot of a motel 
located near were appellant was stopped. Appellant had with him the 
complainant’s license, checkbook, credit cards, and ATM card and several 
ATM receipts that evidenced a failed attempt to withdraw money around 12:55 
a.m. and 12:56 a.m. In his written statement to police detectives, appellant
wrote:
On 12-19-2001 I was with my friend that break in car. And I gave
him a ride, drop him off on Cook Lane, and he left walking. Then
I went back to the hotel and he [came] back. I told him not to [put] 
the car [by] the room. Then I ask[ed] him, can I drive the car to
take my brother home, and I left. A minute after, stop by the
police. I knew the car was stolen but he told me it take three day
to make on the stolen list. It took 5 minutes before I get stop. I
put the checkbook in my pocket to use them later. When he came
back to the room, gave me a card and me and my brother [went to]
Bank One . . . and that [yellow] receipt. 
        The jury could have reasonably rejected appellant’s explanation for his 
possession of the vehicle. Appellant’s “confession” fails to explain why 
appellant borrowed a stolen vehicle when he already owned an automobile. In 
addition, appellant did not explain in his statement why his friend “loaned” him 
the stolen vehicle, but freely gave appellant the complainant’s license, 
checkbook, credit cards, and ATM card for no apparent reason. Finally, 
appellant claimed to only have been driving the car for five minutes before being
stopped, but the ATM receipts and the officer’s testimony shows appellant
drove to the ATM to attempt a withdrawal at 12:55 a.m. before being pulled
over at 1:11 a.m., which means appellant was driving for at least 15 minutes
before being stopped. 
        The State offered an equally plausible explanation of events in its opening 
statement at trial and in its brief on appeal. The State contends appellant stole 
the vehicle and drove it to the motel. There, the State claims, he could have 
picked up his passenger, rifled through the victim’s purse, and removed 
whatever he thought might prove valuable, before driving to the ATM machine 
in an attempt to withdraw the complainant’s funds. 
        The jury was free to reject appellant’s explanation of his possession of 
the automobile. See Jackson, 12 S.W.3d at 840; see also James v. State, 48 
S.W.3d 482, 496-97 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding 
evidence legally sufficient where defendant found in possession of stolen 
bicycle hours after it was stolen explained that “someone” had recently given 
it to him). Therefore, appellant’s recent possession of the vehicle was legally 
sufficient to support the theft conviction. We overrule appellant’s first issue. 
IV. FACTUAL SUFFICIENCY TO SUPPORT THEFT
        In his second issue, appellant contends that the evidence was factually 
insufficient to support appellant’s conviction of theft. Specifically, appellant 
asserts the State failed to present factually sufficient evidence that he took the 
complainant’s car from her garage himself or that he participated in the theft 
as a party. 
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. 
        In performing this review, we are to give due deference to the fact 
finder’s determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. We may not 
substitute our judgment for that of the fact finder’s. Johnson, 23 S.W.3d at 
12. Consequently, we may find the evidence factually insufficient only where 
necessary to prevent manifest injustice. Id. at 9, 12; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997). The mere existence of a reasonable 
alternative hypothesis does not render the evidence factually insufficient. 
Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); Cates v. 
State, 72 S.W.3d 681, 690 (Tex. App.–Tyler 2001, no pet.). 
         Considering the elements of theft stated above, we hold that the 
evidence is factually sufficient to support the evidence. Here, assuming that 
appellant’s statement is true, his admission that he drove the automobile
knowing that it was stolen establishes that he unlawfully appropriated it
without the effective consent of the owner. See Chavez v. State, 843 S.W.2d
586, 588 (Tex. Crim. App. 1992). Moreover, appellant’s statement that he
intended to return the car he “borrowed” to the person he acknowledges stole
the vehicle, and not the rightful owner, suggests that he intended to “deprive”
the complainant of her property. Therefore, we overrule appellant’s second
issue. 
V. INSTRUCTION ON THE LAW OF PARTIES
        In his third issue, appellant contends the trial court erred by including a 
“law of parties” instruction in the jury charge on the offense of theft at the 
guilt/innocence phase of trial. At trial, appellant timely objected regarding the 
instruction and argued, as he does here, that the record contains no evidence 
or testimony to support the inclusion of such an instruction. The trial court 
overruled the objection. 
        An instruction on the law of parties may be given whenever there is 
sufficient evidence to support a jury verdict that the defendant is criminally 
responsible under the law of parties. Ladd v. State, 3 S.W.3d 547, 564 (Tex. 
Crim. App. 1999). A person is criminally responsible as a party to an offense 
if the offense is committed by his own conduct, by the conduct of another for 
which he is criminally responsible, or by both. Tex. Penal Code Ann. § 7.01(a) 
(Vernon 2003). Moreover, a person is criminally responsible for an offense 
committed by the conduct of another if, acting with intent to promote or assist 
the commission of the offense, he solicits, encourages, directs, aids, or 
attempts to aid the other person to commit the offense. Id. § 7.02(a)(2). In 
determining whether a defendant was a party, the trial court may look to events
before, during, and after the commission of the crime. Goff v. State, 931
S.W.2d 537, 545 (Tex. Crim. App. 1996). 
        In the present case, the evidence was sufficient to support a jury verdict 
that appellant was criminally responsible under the law of parties. Appellant 
admitted that he dropped off his friend, whom he knew was a car thief, and 
soon after met the same friend at a motel where he advised him not to park the 
vehicle in front of the motel room. Moreover, appellant stated he only 
“borrowed” the car from the same friend, but the friend gave appellant an ATM 
card. Appellant was also found in possession of the complainant’s checkbook 
and credit cards. The jury could infer from this evidence that appellant acted 
with intent to promote or assist the commission of the theft and solicited, 
encouraged, directed, aided, or attempted to aid his friend in committing the 
theft. See Tex. Penal Code Ann. § 7.02(a)(2). We overrule appellant’s third 
issue.
VI. DOUBLE JEOPARDY 
        In his fourth issue, appellant contends that his convictions of theft and 
unauthorized use of a motor vehicle violate double jeopardy. Likewise, the 
State concedes that if we find the evidence supporting appellant’s theft 
conviction to be sufficient, appellant’s conviction of unauthorized use of a 
motor vehicle will implicate double jeopardy. Having found the evidence 
supporting appellant’s theft conviction sufficient and recognizing the law is well 
settled that unauthorized use of a motor vehicle qualifies as a lesser-included 
offense of theft of a motor vehicle, we retain the theft conviction with the more 
serious punishment and vacate the lesser included offense of unauthorized use 
of a motor vehicle for double jeopardy purposes. See State v. Houth, 845 
S.W.2d 853, 869 (Tex. Crim. App. 1992); see also Landers v. State, 957 
S.W.2d 558, 559-60 (Tex. Crim. App. 1997). We sustain appellant’s fourth 
issue. 
 
 
VII. CONCLUSION 
        Having overruled appellant’s first three issues and sustaining his fourth 
issue, we vacate the lesser included offense of unauthorized use of a motor 
vehicle and affirm the remainder of the trial court’s judgment. 
 
 
                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 20, 2003