MANUEL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-463-CR

KEVIN DEWAYNE MANUEL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION

Appellant Kevin Dewayne Manuel appeals his jury convictions of theft
 
and unauthorized use of a motor vehicle.  In four points, appellant complains the evidence was legally and factually insufficient to support the theft conviction; the trial court erred in including an instruction on the law of parties regarding the theft offense; and the conviction of unauthorized use of a motor vehicle violated his rights under the double jeopardy clause.  We affirm appellant’s theft conviction and vacate the conviction of the lesser included offense of unauthorized use
 
of a motor vehicle.

II.  F
ACTUAL
 
AND
 L
EGAL
 B
ACKGROUND

On December 20, 2001, complainant Patricia Hass
’s green 1997 BMW was stolen from her garage sometime between 11:00 p.m. and 12:30 a.m. Shortly after the theft was reported, an officer from the Fort Worth Police Department spotted the car while en route to a motel where another officer had reported seeing the car parked earlier that evening.  After pulling the car over, officers found appellant driving the car and holding Hass’s driver’s license, checkbook, credit cards, and ATM card, as well as several ATM receipts.  The ATM receipts reflected that at 12:55 and 12:56 a.m., someone had used the ATM card in an attempt to withdraw funds from an ATM machine at 2101 Hudson Street.  A passenger was also in the vehicle.  Almost twenty-four hours later, appellant gave an oral statement to detectives, and later a written statement, stating someone else gave him the car.

In a two-count indictment, appellant was charged with theft of over $20,000 in the first count and unauthorized use of a motor vehicle in the second count.  The jury found appellant guilty on both counts, and the trial court assessed punishment at twenty-five years on the theft offense and twenty years on the unauthorized use of a motor vehicle charge.  This appeal followed. 

III.  L
EGAL
 
S
UFFICIENCY
 
TO
 S
UPPORT
 T
HEFT
 C
ONVICTION

In his first issue, appellant contends that the evidence was legally insufficient to support his conviction for theft.
 
 More specifically, appellant maintains that the evidence was legally insufficient because nothing in the record shows that he was personally present or involved with the actual taking or that he possessed the required intent to deprive the complainant of her car at the time of the taking.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property.
 
 Tex. Penal Code Ann.
 § 31.03(a) (Vernon Supp. 2004).  Under the Penal Code, “deprivation” can occur by any of the following:  (a) withholding property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner; (b) restoring property only upon payment of reward or other compensation; or (c) disposing of property in a manner that makes recovery of the property by the owner unlikely.  
Id. 
§ 31.01(2).  “Appropriate” means to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or to acquire or otherwise exercise control over property other than real property. 
 Id
.
 § 31.01(4).  Appropriation of property is unlawful if it is without the owner’s effective consent or the property is stolen and the actor appropriates the property knowing it was stolen by another.  
Id
.
 
§ 
31.03(b).

It is well-established that unexplained possession of recently stolen property establishes the offense of theft.  
Chavez v. State
, 843 S.W.2d 586, 588 (Tex. Crim. App. 1992); 
Jackson v. State
, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref'd).  Therefore, if a defendant is shown to have been in possession of recently stolen property after the theft occurred, the fact finder may draw an inference of guilt. 
 
Jackson
, 12 S.W.3d at 839.  In addition, possession “must involve a distinct and conscious assertion of right to the property by the defendant.”  
See, e.g., Tabor v. State
, 88 S.W.3d 783, 786 (Tex. App.—Tyler 2002, no pet.).  In other words, there must be some evidence of care, custody, or control over the property that reflected intentional or knowing possession.  
See McKnight v. State
, 399 S.W.2d 552, 555 (Tex. Crim. App. 1966) (holding evidence insufficient where defendant had access to garage where stolen property was stored and no other evidence connected defendant to the stolen property).  Moreover, if a defendant offers an explanation for his possession of recently stolen property, the record must demonstrate that the defendant's explanation at the time his possession is called into question is either false or unreasonable before the evidence will support the conviction of theft. 
 See Jackson
, 12 S.W.3d at 839.  The falsity of the explanation may be shown by circumstantial evidence and is an issue to be decided by the trier of fact. 
 Id
. 

Here, the record shows that at 1:11 a.m. the officer stopped appellant driving a vehicle that had been stolen between 11:00 p.m. and 12:30 a.m.  The same car had been seen earlier by another officer in the parking lot of a motel located near were appellant was stopped.  Appellant had with him the complainant’s  
license, checkbook, credit cards, and ATM card and several ATM receipts
 that evidenced a failed attempt to withdraw money around 12:55 a.m. and 12:56 a.m.  In his written statement to police detectives, appellant wrote:

On 12-19-2001 I was with my friend that break in car.  And I gave him a ride, drop him off on Cook Lane, and he left walking.  Then I went back to the hotel and he [came] back.  I told him not to [put]  the car [by] the room.  Then I ask[ed] him, can I drive the car to take my brother home, and I left.  A minute after, stop by the police.  I knew the car was stolen but he told me it take three day to make on the stolen list.  It took 5 minutes before I get stop.  I put the checkbook in my pocket to use them later.  When he came back to the room, gave me a card and me and my brother [went to] Bank One . . . and that [yellow] receipt. 

The jury could have reasonably rejected appellant’s explanation for his possession of the vehicle.  Appellant’s “confession” fails to explain why appellant borrowed a stolen vehicle when he already owned an automobile.  In addition, appellant did not explain in his statement why his friend “loaned” him the stolen vehicle, but freely gave appellant the complainant’s 
license, checkbook, credit cards, and ATM card 
for no apparent reason.  Finally, appellant claimed to only have been driving the car for five minutes before being stopped, but the ATM receipts and the officer’s testimony shows appellant drove to the ATM to attempt a withdrawal at 12:55 a.m. before being pulled over at 1:11 a.m., which means appellant was driving for at least 15 minutes before being stopped.  

The State offered an equally plausible explanation of events in its opening statement at trial and in its brief on appeal.  The State contends appellant stole the vehicle and drove it to the motel.  There, the State claims, he could have picked up his passenger, rifled through the victim’s purse, and removed whatever he thought might prove valuable, before driving to the ATM machine in an attempt to withdraw the complainant’s funds.

The jury was free to reject appellant’s explanation of his possession of the automobile.  
See Jackson
, 12 S.W.3d at 840; 
see also James v. State
, 48 S.W.3d 482, 496-97 (Tex. App.—Houston [14
th
 Dist.] 2001, no pet.) (holding evidence legally sufficient where defendant found in possession of stolen bicycle hours after it was stolen explained that “someone” had recently given it to him).  Therefore, appellant’s recent possession of the vehicle was legally sufficient to support the theft conviction.  We overrule appellant’s first issue. 

IV.  F
ACTUAL
 S
UFFICIENCY 
TO
 S
UPPORT
 T
HEFT

In his second issue, appellant contends that the evidence was factually insufficient to support appellant’s conviction of theft.  Specifically, appellant asserts the State failed to present factually sufficient evidence that he took the complainant’s car from her garage himself or that he  participated in the theft as a party.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  

In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Id.
 at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  The mere existence of a reasonable alternative hypothesis does not render the evidence factually insufficient. 
 Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Cates v. State
, 72 S.W.3d 681, 690 (Tex. App.–Tyler 2001, no pet.).    

 Considering the elements of theft stated above, we hold that the evidence is factually sufficient to support the evidence. 
 Here, assuming that appellant’s statement is true, his admission that he drove the automobile knowing that it was stolen establishes that he unlawfully appropriated it without the effective consent of the owner.  
See Chavez v. State
, 843 S.W.2d 586, 588 (Tex. Crim. App. 1992). 
 
Moreover, appellant’s statement that he intended to return the car he “borrowed” to the person he acknowledges stole the vehicle, and not the rightful owner, suggests that he intended to “deprive” the complainant of her property.  Therefore, we overrule appellant’s second issue. 

V.  I
NSTRUCTION
 
ON
 
THE
 L
AW
 
OF
 P
ARTIES

In his third issue, appellant contends the trial court erred by including a “law of parties” instruction in the jury charge on the offense of theft at the guilt/innocence phase of trial.  At trial, appellant timely objected regarding the instruction and argued, as he does here, that the record contains no evidence or testimony to support the inclusion of such an instruction.  The trial court overruled the objection.

An instruction on the law of parties may be given whenever there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties. 
 Ladd v. State
, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999).  A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  
Tex. Penal Code Ann.
 § 7.01(a) (Vernon 2003).  Moreover, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.  
Id
. §
 7.02(a)(2).
  In determining whether a defendant was a party, the trial court may look to events before, during, and after the commission of the crime.  
Goff v. State
, 931 S.W.2d 537, 545 (Tex. Crim. App. 1996).  

In the present case, the evidence was sufficient to support a jury verdict that appellant was criminally responsible under the law of parties.  Appellant admitted that he dropped off his friend, whom he knew was a car thief, and soon after met the same friend at a motel where he advised him not to park the vehicle in front of the motel room.  Moreover, appellant stated  he only “borrowed” the car from the same friend, but  the friend gave appellant an ATM card.  Appellant was also found in possession of the complainant’s checkbook and credit cards.  The jury could infer from this evidence that appellant acted with intent to promote or assist the commission of the theft and solicited, encouraged, directed, aided, or attempted to aid his friend in committing the theft.  
See
 
Tex. Penal Code Ann.
 § 
7.02(a)(2).  
We overrule appellant’s third issue.

VI.  D
OUBLE
 J
EOPARDY 

In his fourth issue, appellant contends that his convictions of theft and unauthorized use of a motor vehicle violate double jeopardy.  Likewise, the State concedes that if we find the evidence supporting appellant’s theft conviction to be sufficient, appellant’s conviction of unauthorized use of a motor vehicle will implicate double jeopardy.  Having found the evidence supporting appellant’s theft conviction sufficient and recognizing the law is well settled that unauthorized use of a motor vehicle qualifies as a lesser-included offense of theft of a motor vehicle, we retain the theft conviction with the more serious punishment and vacate the lesser included offense of unauthorized use of a motor vehicle for double jeopardy purposes.  
See State v. Houth
, 845 S.W.2d 853, 869 (Tex. Crim. App. 1992); 
see also Landers v. State
, 957 S.W.2d 558, 559-60 (Tex. Crim. App. 1997).  We sustain appellant’s fourth issue. 

VII.  C
ONCLUSION
 

Having overruled appellant’s first three issues and sustaining his fourth issue, we vacate the lesser included offense of unauthorized use
 
of a motor vehicle and affirm the remainder of the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 20, 2003