COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-446-CR

 

 

RICKEY DALE SHORT A/K/A                                                  APPELLANT



RICKY
DALE SHORT

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Rickey Dale Short
a/k/a Ricky Dale Short appeals from his conviction for theft over $1,500.  In two issues, appellant challenges the legal
sufficiency of the evidence to support his conviction and complains of jury
charge error.  We affirm.








Appellant was charged with
theft of jewelry, valued at $1,500 to less than $20,000, from Suzanne
Murr.  In his first issue, appellant
complains that the trial court improperly overruled his motion for a directed
verdict[2]
of not guilty because the evidence is legally insufficient to prove that he had
actual, subjective knowledge that the jewelry was stolen. 

To obtain a conviction for
theft, the State was required to prove that appellant acquired or otherwise
exercised control over the jewelry without the owner=s consent, intending to deprive her of it.[3]  Evidence of various kinds may serve this
purpose, including unexplained possession of recently stolen property.[4]








In this case, appellant
concedes that he was Aat some
time, in possession@ of Murr=s jewelry.  Moreover, someone
took the jewelry from Murr without her consent, and appellant=s possession of it was completely unexplained.  The evidence shows that appellant and his
nephew and codefendant, Robert Lear, pawned Murr=s jewelry at several pawnshops. 
The items belonging to Murr that appellant pawned, and the pawn tickets,
were introduced at trial.  Murr=s jewelry-store receipts for those items showed that they had a
collective value in excess of $1,500. 
Murr testified that she never gave appellant permission to take or pawn her
jewelry.  The jury reasonably could have
inferred from this evidence that appellant knew the jewelry was stolen when he
pawned it.

Viewing the evidence and the
reasonable inferences therefrom in the light most favorable to the verdict,[5]
we hold that a rational jury could have determined beyond a reasonable doubt
that appellant acquired or otherwise exercised control over Murr=s jewelry without her consent and with the intent to deprive her of
it.  Accordingly, the evidence is legally
sufficient to support the verdict, and the trial court did not err by
overruling appellant=s motion for
a directed verdict.  We overrule
appellant=s first
issue.








In his second issue,
appellant complains that the trial court improperly failed to instruct the jury
on the accomplice-witness rule,[6]
causing appellant egregious harm. 
Appellant contends that Lear=s testimony is the only evidence connecting appellant to the Murr
residence and the stolen property.  The
State concedes that the trial court erred by omitting the accomplice-witness
instruction but argues that the error was harmless.

Where, as here, there is
error in the court=s charge but
the appellant did not object to it at trial, we must decide whether the error
was so egregious and created such harm that the appellant did not have a fair
and impartial trialCin short,
that Aegregious harm@ has
occurred.[7]  Under this standard, the omission of an
accomplice witness instruction is generally harmless unless the corroborating
(i.e., nonaccomplice) evidence is Aso unconvincing in fact as to render the State=s overall case for conviction clearly and significantly less
persuasive.@[8]








Lear was engaged to Murr=s disabled daughter, Jaylee. 
Lear testified that appellant had given him jewelry on three or four
occasions in October and November 2005 and asked Lear to pawn them.  Lear said he had never seen appellant inside
Murr=s residence, and he did not know the items were stolen but assumed
they belonged to appellant=s girlfriend or fiancé; however, Lear never asked appellant where he
got the jewelry because he had in the back of his mind that Amaybe something was up.@  Lear further testified that he
and appellant had pawned the jewelry together at pawnshops selected by
appellant, and appellant, who was unemployed, had kept the money.  But Lear also admitted that he had pleaded
guilty to the same offense with which appellant was charged, he did not make
enough money in his lawn care business to support himself, and he had, with
Jaylee=s agreement, pawned her engagement ring.  Indeed, the prosecutor argued during closing
arguments that ARobert Lear
is probably a liar,@ in that he
had probably minimized his involvement in the crime.








Even without Lear=s testimony, there is ample evidence of appellant=s guilt.  Although no one who
testified at trialCincluding
LearCclaimed to have seen appellant in Murr=s residence,[9]
the State put on direct evidence through pawn tickets, a pawn shop
representative, and appellant=s driver=s license
that appellant and Lear had pawned the stolen jewelry and that the jewelry
appellant himself had pawned had a value in excess of $1,500.  As we have discussed, this evidence, alone,
is sufficient to sustain appellant=s conviction.  Further, only
accomplice-witness testimony tending to connect the accused to the crime must
be corroborated; the accused=s knowledge or intent may be established by uncorroborated
accomplice-witness testimony.[10]

Having carefully considered
the record, we hold that appellant was not egregiously harmed by the trial
court=s failure to include an accomplice-witness instruction in the jury
charge.[11]  Therefore, we overrule appellant=s second issue and affirm the trial court=s judgment.        

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
October 4, 2007                              











[1]See Tex. R. App. P. 47.4.





[2]A
challenge to the denial of a motion for directed verdict is actually a
challenge to the legal sufficiency of the evidence.  Canales v. State, 98 S.W.3d 690, 693
(Tex. Crim. App.), cert. denied, 540 U.S. 1051 (2003); McCown v.
State, 192 S.W.3d 158, 160 (Tex. App.CFort Worth 2006, pet. ref=d).





[3]Tex. Penal Code Ann. ''
31.01(4)(B), 31.03(a) (Vernon Supp. 2006); see Chavez v. State, 843
S.W.2d 586, 588 (Tex. Crim. App. 1992).





[4]Chavez, 843
S.W.2d at 588; accord Poncio v. State, 185 S.W.3d 904, 904-05 & n.2
(Tex. Crim. App. 2006).





[5]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (setting
out legal sufficiency standard of review).





[6]AA
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.@  Tex.
Code Crim. Proc. Ann art. 38.14 (Vernon 2005).





[7]Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op.
on reh=g);
see Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 2006); Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996).





[8]Herron
v. State, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002).





[9]A
police detective testified that Jaylee told him she remembered appellant being Aat the
residence.@
[Emphasis supplied.]  Murr testified that
appellant sometimes helped LearCwho had the security code to
the Murr alarm systemCwith
yard work at her home.  Murr testified
that Lear had the security code so that he could enter the residence to
retrieve keys to the tool shed if the Murrs were not at home.  Jaylee, who had given Lear the code, was
ruled out as a suspect because the police believed Lear and appellant had taken
advantage of her.  For example, in addition
to Lear=s
pawning of Jaylee=s
engagement ring, both men had charged approximately $1,000 worth of items to
Jaylee=s
line of credit at a local convenience store before Murr discovered this fact
and closed the account.  





[10]Tex. Penal Code Ann. '
31.03(c)(2) (Vernon Supp. 2006).





[11]See
Herron, 86 S.W.3d at 632; Almanza, 686 S.W.2d at 171.