COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-446-CR

RICKEY DALE SHORT A/K/A APPELLANT

RICKY DALE SHORT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rickey Dale Short a/k/a Ricky Dale Short appeals from his conviction for theft over $1,500.  In two issues, appellant challenges the legal sufficiency of the evidence to support his conviction and complains of jury charge error.  We affirm.

Appellant was charged with theft of jewelry, valued at $1,500 to less than $20,000, from Suzanne Murr.  In his first issue, appellant complains that the trial court improperly overruled his motion for a directed verdict
(footnote: 2) of not guilty because the evidence is legally insufficient to prove that he had actual, subjective knowledge that the jewelry was stolen. 

To obtain a conviction for theft, the State was required to prove that appellant acquired or otherwise exercised control over the jewelry without the owner’s consent, intending to deprive her of it.
(footnote: 3)  Evidence of various kinds may serve this purpose, including unexplained possession of recently stolen property.
(footnote: 4)
 In this case, appellant concedes that he was “at some time, in possession” of Murr’s jewelry.  Moreover, someone took the jewelry from Murr without her consent, and appellant’s possession of it was completely unexplained.  The evidence shows that appellant and his nephew and codefendant, Robert Lear, pawned Murr’s jewelry at several pawnshops.  The items belonging to Murr that appellant pawned, and the pawn tickets, were introduced at trial.  Murr’s jewelry-store receipts for those items showed that they had a collective value in excess of $1,500.  Murr testified that she never gave appellant permission to take or pawn her jewelry.  The jury reasonably could have inferred from this evidence that appellant knew the jewelry was stolen when he pawned it.

Viewing the evidence and the reasonable inferences therefrom in the light most favorable to the verdict,
(footnote: 5) we hold that a rational jury could have determined beyond a reasonable doubt that appellant acquired or otherwise exercised control over Murr’s jewelry without her consent and with the intent to deprive her of it.  Accordingly, the evidence is legally sufficient to support the verdict, and the trial court did not err by overruling appellant’s motion for a directed verdict.  We overrule appellant’s first issue.

In his second issue, appellant complains that the trial court improperly failed to instruct the jury on the accomplice-witness rule,
(footnote: 6) causing appellant egregious harm.  Appellant contends that Lear’s testimony is the only evidence connecting appellant to the Murr residence and the stolen property.  The State concedes that the trial court erred by omitting the accomplice-witness instruction but argues that the error was harmless.

Where, as here, there is error in the court’s charge but the appellant did not object to it at trial, we must decide whether the error was so egregious and created such harm that the appellant did not have a fair and impartial trial—in short, that “egregious harm” has occurred.
(footnote: 7)  Under this standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating (i.e., nonaccomplice) evidence is “so unconvincing in fact as to render the State’s overall case for conviction clearly and significantly less persuasive.”
(footnote: 8)
 Lear was engaged to Murr’s disabled daughter, Jaylee.  Lear testified that appellant had given him jewelry on three or four occasions in October and November 2005 and asked Lear to pawn them.  Lear said he had never seen appellant inside Murr’s residence, and he did not know the items were stolen but assumed they belonged to appellant’s girlfriend or fiancé; however, Lear never asked appellant where he got the jewelry because he had in the back of his mind that “maybe something was up.”  Lear further testified that he and appellant had pawned the jewelry together at pawnshops selected by appellant, and appellant, who was unemployed, had kept the money.  But Lear also admitted that he had pleaded guilty to the same offense with which appellant was charged, he did not make enough money in his lawn care business to support himself, and he had, with Jaylee’s agreement, pawned her engagement ring.  Indeed, the prosecutor argued during closing arguments that “Robert Lear is probably a liar,” in that he had probably minimized his involvement in the crime.

Even without Lear’s testimony, there is ample evidence of appellant’s guilt.  Although no one who testified at trial—including Lear—claimed to have seen appellant in Murr’s residence,
(footnote: 9) the State put on direct evidence through pawn tickets, a pawn shop representative, and appellant’s driver’s license that appellant and Lear had pawned the stolen jewelry and that the jewelry appellant himself had pawned had a value in excess of $1,500.  As we have discussed, this evidence, alone, is sufficient to sustain appellant’s conviction.  Further, only accomplice-witness testimony tending to connect the accused to the crime must be corroborated; the accused’s knowledge or intent may be established by uncorroborated accomplice-witness testimony.
(footnote: 10)
 Having carefully considered the record, we hold that appellant was not egregiously harmed by the trial court’s failure to include an accomplice-witness instruction in the jury charge.
(footnote: 11)  Therefore, we overrule appellant’s second issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 4, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A challenge to the denial of a motion for directed verdict is actually a challenge to the legal sufficiency of the evidence.  
Canales v. State
, 98 S.W.3d 690, 693 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1051 (2003); 
McCown v. State
, 192 S.W.3d 158, 160 (Tex. App.—Fort Worth 2006, pet. ref’d).

3:
Tex. Penal Code Ann.
 §§ 31.01(4)(B), 31.03(a) (Vernon Supp. 2006); 
see Chavez v. State,
 843 S.W.2d 586, 588 (Tex. Crim. App. 1992).

4:
Chavez,
 843 S.W.2d at 588
; accord Poncio v. State,
 185 S.W.3d 904, 904-05 & n.2 (Tex. Crim. App. 2006).

5:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (setting out legal sufficiency standard of review).

6:
“
A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.”  
Tex. Code Crim. Proc. Ann 
art. 38.14 (Vernon 2005).

7:
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 2006); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

8:
Herron v. State,
 86 S.W.3d 621, 632 (Tex. Crim. App. 2002).

9:
A police detective testified that Jaylee told him she remembered appellant being “
at
 the residence.” [Emphasis supplied.]  Murr testified that appellant sometimes helped Lear—who had the security code to the Murr alarm system—with yard work at her home.  Murr testified that Lear had the security code so that he could enter the residence to retrieve keys to the tool shed if the Murrs were not at home.  Jaylee, who had given Lear the code, was ruled out as a suspect because the police believed Lear and appellant had taken advantage of her.  For example, in addition to Lear’s pawning of Jaylee’s engagement ring, both men had charged approximately $1,000 worth of items to Jaylee’s line of credit at a local convenience store before Murr discovered this fact and closed the account.  

10:
Tex. Penal Code Ann.
 § 31.03(c)(2) (Vernon Supp. 2006).

11:
See Herron,
 86 S.W.3d at 632; 
Almanza
, 686 S.W.2d at 171.