**Keith Joseph JAMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–01456–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 2001.

Alvis O.L. Rogers, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices LEE, AMIDEI, and ANDELL.*

**OPINION**

MAURICE AMIDEI, Justice (Assigned).

Keith Joseph James appeals his jury conviction for burglary of a habitation. The trial court assessed his punishment at 50 years' imprisonment, enhanced by two prior felony convictions. In one point of error, appellant contends the evidence is

---

\* Senior Justice Norman Lee and Former Justices Maurice Amidei and Eric Andell sitting          by assignment.

legally and factually insufficient to support his conviction. We affirm.

## FACTS

Connie Jackson (Connie) owned a house in Houston where she lived with her two sisters, Carolyn and Cassandra. Connie went to work on the morning of February 3, 1998, and her sisters went shopping around 11:30 a.m. When the Carolyn and Cassandra returned at about 1:20 p.m., they observed that the door was open. The door had pry marks on it, and a hinge was broken. The sisters noticed that Connie's bedroom door had been kicked open and her belongings were scattered about the room. They noticed that two VCR's, a telephone, a camera, some sports bags, and Carolyn's daughter's bicycle were missing. Cassandra and Carolyn called the police, and then called Connie at work.

Cassandra picked up Connie at work, and they drove back to the house. They drove around the neighborhood looking for Carolyn's daughter's bicycle. They observed appellant riding the bike on Jensen street, and holding Connie's camera. Cassandra drove alongside appellant, and Connie opened the car door and knocked appellant off the bike. The sisters stopped, and Connie confronted appellant and told him he had her niece's bicycle and her camera. Appellant told Connie he had did not take her stuff, and that someone had given him the stuff. The sisters made appellant get in their car, and they drove back towards their house looking for the police.

The sisters flagged down officer Norman Kuehn, a twenty-year veteran police officer, and told him they caught appellant riding the stolen bike. The sisters also advised officer Kuehn that their home had been burglarized. Kuehn put appellant in the patrol car, and appellant told Kuehn that he did not do it, and that somebody had asked him to pawn some stuff for him at the pawn shop. Appellant told Kuehn he would take Kuehn to the person that gave him the stuff. Kuehn drove appellant down Jensen and pointed out Melvin Lewis as the person that gave him the property to pawn. Lewis identified himself as "Broussard," and he was carrying a sports bag filled with clothing items that was taken from Connie's house. Kuehn's shift was about over, and he called Officer Skinner who worked that area on the evening shift to take over the investigation. Appellant and Lewis directed Kuehn and Skinner to some abandoned apartments on Jensen where the remaining property from the burlargy was stored. Appellant told the officers that he also lived in one of the abandoned apartments.

Appellant did not testify. The only defense witness was appellant's co-defendant, Melvin Lewis a/k/a Alfred Broussard a/k/a Kelvin Lewis. Lewis pleaded guilty to the burglary and was sentenced to twelve years pursuant to a plea bargain. Lewis stated he found the property in one of the abandoned apartments on August 3 [six months earlier]. He stated that he asked appellant to pawn the bike and camera because appellant had ID and he did not. Lewis stated that a contractor named Palmer hired him to clean up the abandoned apartments, haul trash, and board up the windows.

## THE SUFFICIENCY OF THE EVIDENCE

In his sole point of error, appellant contends the evidence is legally and factually insufficient to sustain his conviction.

### Standard of Review

We begin by establishing the standard of appellate review for resolving a factual sufficiency challenge. When we are asked to determine whether the evi-

dence is legally sufficient to sustain a conviction, we employ the standard of *Jackson v. Virginia* and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). However, when we determine whether the evidence is factually sufficient, we employ the standard announced in *Clewis v. State* and view all of the evidence without the prism of "in the light most favorable to the prosecution" and reverse only if the conviction is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 922 S.W.2d 126, 129 (Tex.Crim. App.1996).

■ A factual sufficiency review must be appropriately deferential so as to avoid the appellate court's substituting its own judgment for that of the fact finder. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim.App.1997). This court's evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *Id.* The appellate court maintains this deference to the fact findings, by finding fault only when "the verdict is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust ." *Id.*

The court of criminal appeals has recently clarified *Clewis* addressing the factual sufficiency standard of review. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim.App.2000). The court of criminal appeals held, in pertinent part:

> We hold, therefore, that our opinion in *Clewis* is to be read as adopting the complete civil factual sufficiency formulation. Borrowing in part from Justice Vance's concurring opinion in *Mata v. State*, 939 S.W.2d 719, 729 (Tex.App.—

Waco 1997, no pet.), the complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review of the elements of a criminal offense asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.

*Johnson*, 23 S.W.3d at 11.

### Discussion

■ Where there is no direct evidence placing a defendant at the crime scene, a conviction for burglary may rest upon the defendant having been "found in possession of recently stolen property without offering an explanation inconsistent with guilt when first called upon directly or circumstantially to do so." *Chavez v. State*, 843 S.W.2d 586, 587 (Tex.Cr. App.1992). It is necessary, when drawing such an inference, that the defendant's possession of the stolen property be recent and unexplained, with a distinct and conscious assertion of a right to the stolen property by the possessor. *Ellis v. State*, 691 S.W.2d 799, 800 (Tex.App.—Houston [1st Dist.] 1985, no writ). The evidence will be insufficient to sustain the conviction, however, if the defendant offers a reasonable explanation of his possession and that explanation is not shown to be false. *Id.*.

■ In this case, appellant was caught by Connie and Cassandra riding Connie's niece's stolen bike and carrying Connie's camera. When first confronted by Connie, appellant merely denied stealing the property and stated that someone had given him the property. Officer Kuehn was the first police officer to talk to appellant. Kuehn testified that appellant denied

stealing the property, and that some other person gave him the property and asked him to pawn it. Appellant did not know the other person's name, but told Kuehn he would take him to the person. He told Kuehn that the person "hangs out on Jensen." Kuehn drove appellant down Jensen and found Lewis. On redirect examination, the prosecutor asked Kuehn: "But how many people have told you that some other dude gave them the property?" Kuehn answered: "Numerous. It's always some dude. SODDI defense, some other dude did it." Kuehn stated that appellant did not give him an address or name of the "other dude." When they found the "other dude," he identified himself with a false name, "Broussard." Broussard also had a sports bag in his possession which had been stolen from Connie's house. Lewis and appellant told Kuehn where the rest of the stolen property was, and Kuehn recovered all of it at an abandoned apartment on Jensen where appellant lived. Kuehn opined that appellant's explanation of the stolen property was not believable.

■■■■ Whether the defendant's explanation is reasonable or false is an issue to be decided by the trier of fact. The falsity of the explanation may be shown by circumstantial evidence. *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Crim.App.1977); *Smith v. State,* 518 S.W.2d 823, 825 (Tex. Crim.App.1975); *Hood v. State,* 860 S.W.2d 931, 937 (Tex.App.—Texarkana 1993, no writ). If the defendant's explanation is reasonable and is sufficient to rebut the circumstances of his possession of recently stolen property, and other evidence, including the surrounding circumstances, is not sufficient to show the defendant's explanation is false, then the evidence is insufficient to sustain the conviction. *Huff v. State,* 492 S.W.2d 532, 533 (Tex.Crim. App.1973).

In *Adams v. State* and *Callahan v. State,* the factfinders' rejection of the defendants' explanations was upheld. *Adams,* 552 S.W.2d at 815; *Callahan v. State,* 502 S.W.2d 3 (Tex.Crim.App.1973). In *Adams,* the arresting officers, while responding to a "burglars-in-action call" at a motel, saw the defendant enter the motel parking lot about 12:15 a.m., driving an automobile with the trunk lid open and a television set in the trunk. The defendant's vehicle stopped next to the apartment of a known "fence." When queried by the officers about the television set, the defendant said his mother had given him the set and he was taking it to the motel to sell. The defendant volunteered his mother's telephone number and, upon the officers placing a call, his mother denied giving the set to the defendant. In its discussion of appellant's contention that his explanation was reasonable and was improperly rejected, the appellate court noted that the lower court was confronted with circumstances indicating the defendant's explanation was both false and unreasonable. In addition to the mother's denial of the gift of the television, there were the additional circumstances that the defendant was discovered just after midnight with a recently stolen television set and was attempting to sell it to "a man known in the community as a 'fence'." *Id.* Considering all of the surrounding circumstances, the court held the trial court, as factfinder, acted within its discretion in determining the defendant's explanation was unreasonable and false.

In *Callahan,* the defendant was found in possession of recently stolen liquor behind the burglarized liquor store shortly after he activated the store's silent alarm at 1:22 a.m. His explanation of his possession was that unidentified strangers approached him at 1 a.m. and paid him to take possession of four half-gallons of whisky until 8:00 p.m. the following evening. In view of

the surrounding circumstances and with the comment that, "[I]t is not difficult to understand why the jury rejected the explanation as unreasonable," the court of criminal appeals upheld the jury's rejection of the explanation.

In this case, it is uncontroverted that appellant was in possession of the recently stolen property and that he was on his way to pawn it. The burglary occurred only a few hours earlier. Lewis testified that he gave appellant the property to pawn because appellant had ID. Lewis stated he found the property in one of the abandoned apartments on Jensen six months before this burglary took place. Connie positively identified all of the property as her property taken from her house a few hours earlier. Also, the State placed Lewis' stipulation and judicial confession into evidence where he stated that he and appellant committed the burglary. Appellant's explanation is no more internally logical than the explanation offered in *Callahan* and, under the surrounding circumstances, we hold the jury was justified in rejecting appellant's explanation as both unreasonable and false. *See also Price v. State,* 902 S.W.2d 677, 680–681 (Tex. App.—Amarillo 1995, no pet.).

We hold that the evidence is legally sufficient to sustain appellant's conviction. Appellant further argues the same evidence is factually insufficient. Appellant does not specifically argue how the evidence is insufficient under any standard of reviewing factual sufficiency. He just contends the "verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Because this point is inadequately briefed, appellant has not preserved his factual sufficiency complaint for review. *See McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App. 1997). We overrule appellant's point of error contending the evidence is legally and factually insufficient to sustain his conviction.

We affirm the judgment of the trial court.