Affirmed and Memorandum Opinion filed December 13, 2007








Affirmed and Memorandum Opinion filed December 13, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01028-CR

____________

 

HECTOR MANUEL QUEZADA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1366389

 



 

M E M O R A N D U M   O P I N I O N

Appellant Hector Manuel Quezada pleaded guilty to the
misdemeanor offense of possession of a dangerous drug, namely amoxicillin, on
or about March 27, 2006. Consistent with appellant=s plea bargain,
the trial court sentenced appellant to three days= confinement in
the Harris County Jail and an $800 fine.  On appeal, appellant contends that
the trial court erred in denying his motion to suppress evidence.  We affirm.








Factual
Background

At the hearing on the motion to suppress, the only evidence
presented was testimony from City of Humble police officers Scott Martin and
Daniel Skambary.  They testified as follows.

On March 27, 2006, at around 4:30 p.m., Officer Martin
received a dispatch directing him to go to the parking lot of the Casa de
Pueblo Meat Market in Humble to investigate an anonymous phone call in which
the caller stated that a Hispanic male was selling drugs out of a silver Ford
van there.[1] 
Officer Skambary and another officer, who did not testify, arrived shortly
after Officer Martin.  Martin and Skambary saw appellant standing by a silver
Ford Windstar mini-van.  The vehicle was backed into a public parking space in
the parking lot, and its doors, including a sliding door on the side and a rear
door, were open.[2] 
No one else was standing near the van.

As Martin and Skambary approached the van, they observed a
large quantity of items in plain view inside the van, including shampoo,
chewing gum, over-the-counter drugs such as Tylenol and Sudafed, and boxes
labeled AAmoxil@ in Spanish. 
Martin testified that, from the way the van was positioned in the parking lot, Ayou could tell
that [appellant] was selling everything from inside his vehicle.@  He described the
vehicle as Aa mobile store.@








Martin asked appellant for his identification and asked him
what he was doing in the parking lot with all of the van=s doors open. 
Appellant gave Martin his Texas driver=s license and
stated that he owned the van.  Appellant also told Martin that he got the drugs
in Mexico, and that he had a business in which he travels around and sells
those items.[3] 
Martin detained appellant, contacted poison control, and learned that AAmoxil@ was Spanish for
Amoxicillin, an antibiotic prescription drug.  Martin asked appellant if he was
a pharmacist and if he had a prescription for the Amoxicillin, and appellant
answered Ano@ to both questions.  Martin then placed
appellant under arrest for violating a City of Humble ordinance that prohibits
soliciting without a permit and authorizes a violator=s arrest.  Martin
had appellant=s van towed to the Humble Police Department, and he
inventoried its contents.  Martin found sixty-one units or packages of
amoxicillin in the vehicle, which he bagged as evidence.  

On cross-examination, Martin admitted that he was given no
other information about the anonymous call, such as where the call originated
or whether the caller was reliable.  Martin admitted that the caller did not
name the person who was allegedly selling drugs at that location, or give any
additional descriptive information such as the person=s approximate age,
height, or weight.  He also admitted that the caller did not provide any more
specific information to describe the van or where it was parked, and he
admitted that he did not see appellant commit a crime when he first approached
him. 

The trial court denied appellant=s motion to
suppress.  No findings of fact and conclusions of law were filed.  This appeal
followed.

Appellant=s Briefing of the
Broad Issue is Inadequate

Appellant=s sole issue on appeal is that the trial
court erred by failing to grant his motion to suppress.  Specifically, his
issue states that Athe arrest of appellant and subsequent
search of his vehicle was unlawful because police did not see appellant commit
a crime.@  








The issue as written appears to claim that the officersCliterallyCdid not see him
commit a crime because they did not see him sell anything.  But, in his
argument under the issueChis very brief argumentChe appears to
implicate, without explanation or elucidation, broader search and seizure
issues such as whether probable cause existed to arrest appellant, whether the
search of his vehicle was lawful, and whether the officers could detain
appellant based on the anonymous tip.  We say he appears to implicate these
issues because his argument is so brief, and so lacking in citation to
authority that we can only guess as to his precise complaints.  We set out his
entire argument below to illustrate the point.

In the case at
bar, the officers testified that they never saw appellant commit any crime and
never saw appellant soliciting.  Furthermore, the offense which appellant was
charged with was not a felony or an offense against the public peace.  At the
time appellant was arrested the officers did not know what was inside the boxes
labeled Aamoxil@.  Therefore, the
arrest of appellant and subsequent search of his vehicle was unlawful and
pursuant to section 38.23 of the Code of Criminal Procedure the evidence
obtained by the officers should have been suppressed.

The State initially contends that the issues discussed in
the argument section of appellant=s brief are
forfeited or waived for insufficient briefing.  We must agree with the State.








Appellant cites no federal or state case law to support or
explain his argument, nor does he cite to the Fourth Amendment of the United
States Constitution or to any other federal or state constitutional provision. 
Instead, he merely quotes Article 14.01 of the Code of Criminal Procedure,[4]
which addresses when the police or other persons may arrest an offender without
a warrant, and in a cursory manner he claims the evidence should have been
suppressed Apursuant to section 38.23 of the Code of Criminal Procedure.@[5]  As is evident
from his argument set forth above, appellant did not discuss in what way the
officers violated either of these statutes, or even inform us what part of the
statutes he claims apply to this case.

Texas Rule of Appellate Procedure 38.1(h) requires that the
appellant=s brief contain a Aclear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.@  See Tex. R. App. P. 38.1(h); see also Ladd v. State, 3
S.W.3d 547, 575 (Tex. Crim. App. 1999) (requiring appellants to abide by
published briefing rules and to make reasonable arguments on their own behalf
does not offend due process or traditional notions of fair play and substantial
justice); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997)
(general claim of factual insufficiency held inadequately briefed); James v.
State, 48 S.W.3d 482, 487 (Tex. App.CHouston [14th
Dist.] 2001, no pet.) (holding briefing inadequate as to factual insufficiency
claim when defendant failed to specifically argue how evidence was insufficient
under any standard of reviewing factual sufficiency).








Appellant=s brief contains no argument for
the contentions made, and, if he does intend to address the broader search and
seizure issues we mentioned, we would have to fashion the argument ourselves
because he has given us none.  We cannot become an advocate for appellant. 
Thus, because appellant=s brief provides no authority on the
broader search and seizure issues, we overrule those issues for not being
adequately briefed.  See Tex. R.
App. P. 38.1(h); Cardenas v. State, 30 S.W.3d 384, 393 (Tex.
Crim. App. 2000) (overruling points of error as inadequately briefed when
appellant neglected to present argument and authorities as required by Texas
Rule of Appellate Procedure 38.1(h)).

Moreover, if appellant is relying on a more straightforward
argument, that the officers simply did not see appellant commit a crime, that argument
fails.  Article 14.01(b) provides that a police officer may arrest a person
without a warrant for
any offense committed in his presence or within his view.  Tex. Code Crim. Proc. art. 14.01(b). 
Although appellant complains that the evidence against him should be suppressed
because the officers did not see him commit a crime when he was taken into
custody, the facts show otherwise.  

The evidence showed that the police officers responded to
an anonymous caller who said that a Hispanic male was selling drugs out of a
Ford van at the Casa de Pueblo Meat Market.  The officers approached the only
man standing near the van described by the anonymous caller.  The van=s doors were open,
and boxes of products, including amoxicillin, were in plain view inside the
van.  Appellant identified himself and stated that the van and the items in the
van, including the drugs, were his.  And, appellant also stated that he was
selling all of the items.  At this point, Martin knew that appellant had
violated the City of Humble ordinance for soliciting without a permit.  After
Martin confirmed that AAmoxil@ was Spanish for
amoxicillin, a prescription antibiotic, Martin was arrested. 








Thus, appellant was not arrested until after Martin found
him in violation of at least the city ordinance, if not other offenses.  In
addition, the anonymous caller=s information was corroborated.  Martin
testified that, when he placed appellant in custody, he was not sure what the
offense would be, but he at least knew that appellant had violated the City of
Humble ordinance for soliciting without a permit.  On these facts, we cannot
say that the trial court abused its discretion in denying appellant=s motion to
suppress.  See Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim.
App. 2002) (discussing standard of review applied to trial court=s ruling on motion
to suppress); Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996) (appellate court must sustain the trial court=s ruling on motion
to suppress if it is reasonably supported by the record and is correct on any
theory of law applicable to the case).

Therefore, we hold that appellant has forfeited part of his
issue on appeal for inadequate briefing and we overrule the remainder of his
issue.  We affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 13, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 









[1]  Martin=s
testimony concerning whether he was given the color of the Ford van is
inconsistent.  He initially testified he was told the color of the van and that
it was a silver Ford van, but on cross-examination, he testified that he was
told only that it was a Ford van.





[2]  Officer Skambary could not recall if all of the van=s doors were open, but he did recall that the van=s sliding doors and rear hatch were open.





[3]  It is unclear from the record whether appellant gave
these responses to Martin=s questions before or after his arrest, but appellant=s counsel did not object to Martin=s testimony concerning appellant=s statements made to him at the time. 





[4]  Article 14.01 provides in its entirety as follows:

 

(a) A peace officer or any other person, may, without
a warrant, arrest an offender when the offense is committed in his presence or
within his view, if the offense is one classed as a felony or as an offense
against the public peace.

 

(b) A peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view.

 

Tex. Code Crim. Proc. art. 14.01.





[5]  Article 38.23, entitled AEvidence not to be used,@ provides as follows:

 

(a) No evidence obtained by an officer or other person
in violation of any provisions of the Constitution or laws of the State of
Texas, or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.

 

In any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions
of this Article, then and in such event, the jury shall disregard any such evidence
so obtained.

 

(b) It is an exception to the provisions of Subsection
(a) of this Article that the evidence was obtained by a law enforcement officer
acting in objective good faith reliance upon a warrant issued by a neutral
magistrate based on probable cause.

 

Tex. Code Crim. Proc. art. 38.23.