Affirmed and Memorandum Opinion
filed January 28, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-01012-CR



van benjamin, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 351st District Court

Harris County, Texas

Trial Court
Cause No. 1105761



 

MEMORANDUM OPINION 

Appellant Van Benjamin challenges the trial court’s
judgment adjudicating his guilt on the grounds that the trial court abused its
discretion in finding that he had violated the terms of his community
supervision by committing burglary of a habitation and that the sentence
imposed by the trial court violates his state and federal constitutional
rights.  We affirm.

Background

Pursuant to a plea agreement, appellant pleaded
guilty to the third-degree felony offense of possession of a controlled
substance.  In February 2007, the trial court entered an order of deferred
adjudication and placed appellant on community supervision for two years in
accordance with the plea agreement.  As is relevant here, as part of the terms
of appellant’s community supervision, he was ordered to:

·       
Commit no offense against the laws of this or any other state;

·       
Avoid injurious or vicious habits, including the use, possession,
or consumption of marijuana;

·       
Pay a supervision fee of $25.00 per month for the duration of his
community supervision; and

·       
Pay laboratory fees of $5.00 per month for the duration of his
community supervision.

On September 8, 2008, the State filed a motion to
adjudicate appellant’s guilt based on several alleged violations of the terms
of his community supervision.  Specifically, the State alleged that appellant
had (1) committed the offense of burglary of a habitation on July 16, 2008, (2)
used marijuana, as evidenced by the presence of delta 9-tetrahydrocannabinol, a
marijuana metabolite, in urine samples taken on March 22, 2007, April 19, 2007,
and May 15, 2007, and (3) failed to pay community supervision fees of $150 and
laboratory fees of $2.00.  Appellant was arrested for these violations on that
same day.

The trial court conducted a hearing on the State’s
motion to adjudicate appellant’s guilt on October 29, 2008.  Appellant pleaded
“not true” to the State’s allegations that he committed burglary of a
habitation and used marijuana on April 19 and May 15, 2007.  He pleaded “true”
to the allegations that he (1) “use[d] a controlled substance, namely
marijuana, which was evidenced . . . by the presence of delta
9-tetrahydroccanabinol in a urine sample taken from [appellant] on March the
22nd of 2007 at the Harris County Community Supervision and Corrections Department”
and (2) failed to pay his community supervision and laboratory fees. 

At the hearing, the State presented evidence
regarding the terms and conditions of appellant’s community supervision,
appellant’s arrearages in supervisory and laboratory fees, and appellant’s
other violations of the terms of community supervision.  A Harris County
Community Supervision employee testified that he monitored appellant’s March
22, April 19, and May 15, 2007 urine tests.  This employee stated that he
observed positive indicators for the presence of marijuana metabolites in
appellant’s urine samples on each of these dates.  

In addition, the State presented evidence of a
burglary that occurred on July 16, 2008.  The complainant testified that he
returned to his apartment for lunch that day and discovered the door had been
kicked in; two flat-screen television sets were missing, among other items. 
The complainant reported the burglary to police, and then began calling local
pawn shops to search for his possessions.  An employee at one of the pawn shops
informed the complainant that an individual had brought two flat-screen television
sets into the shop that morning.  The complainant reported the information to
the police and went to the pawn shop, where he was able to identify both of his
television sets.  Pawn shop employees identified appellant as the individual
who had pawned the televisions, although he was accompanied by another person
when he came into the shop.  Appellant explained that he had pawned the
television sets for a friend and was unaware that they had been stolen.  He
stated that he gave the money he received for pawning the televisions to his
friend.  

After hearing the evidence, the trial court found
“true” the allegations that appellant had (a) committed burglary of a
habitation, (b) violated the terms and conditions of his community supervision
by using marijuana as evidenced by the urine sample taken on March 22, 2007,
and (c) failed to pay his supervisory and laboratory fees.  The court then
adjudicated appellant guilty of the third degree felony offense of possession
of a controlled substance and assessed his punishment at ten years’ confinement
in the Texas Department of Criminal Justice, Institutional Division.  Appellant
filed a motion for new trial, asserting that his sentence was excessive and
violated his constitutional and statutory rights.  The motion was overruled by
operation of law, and this appeal timely ensued. 

Analysis

            In his first
issue, appellant asserts that the trial court abused its discretion in finding
that he had violated the terms and conditions of his community supervision by
committing burglary of a habitation.  In his second and third issues, appellant
contends that his punishment of incarceration for ten years is cruel and
excessive, in violation of the federal and state constitutional prohibitions
against cruel and unusual punishment.[1]

A.         Adjudication
of Guilt

            We review a trial
court’s decision to adjudicate guilt in the same manner as we review a trial
court’s revocation of community supervision.  Tex.
Code Crim. Proc. art.  42.12, § 5(b) (Vernon Supp. 2008).  We review a
trial court’s order revoking community supervision under an abuse of discretion
standard.  See Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Moore v. State, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  The State’s burden of proof in a revocation proceeding is by a preponderance
of the evidence.  Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).
 Proof of any one of the alleged violations is sufficient to support a
revocation of probation.  Moore, 11 S.W.3d at 498.

Here, as detailed above, appellant pleaded “true” to
several violations of the terms and conditions of his community supervision. 
Appellant does not challenge the trial court’s finding of “true” to the
allegations that he failed to pay his supervisory and laboratory fees or that
he used marijuana as evidenced by the results of the March 22, 2007 urinalysis.
 These unchallenged findings support the trial court’s adjudication of guilt
despite any merit to his challenge to the trial court’s finding regarding the
burglary of a habitation allegation.  See id.  Thus, we overrule his
first issue.

B.         Punishment

            Where
deferred adjudication community supervision is revoked, the trial court may
impose any punishment authorized by statute.  Von Schounmacher v. State,
5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam).  Appellant was convicted
of possession of methamphetamine, a third-degree felony, with a punishment
range of two to ten years’ incarceration.  See Tex. Health & Safety Code § 481.103(a)(1) (Vernon 2008)
(methamphetamine is a Penalty Group 2 substance); id. § 481.116(c)
(possession of Penalty Group 2 substance weighing between one and four grams is
third degree felony); Tex. Penal Code
§ 12.34 (Vernon 2008) (third degree felony punishment range is two to ten
years).  As noted above, appellant was sentenced to ten years’ incarceration,
which falls within the statutory range of punishment.

            Punishment
assessed within the statutory limits is generally not considered cruel and
unusual.[2]
 Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Baldridge
v. State, 77 S.W.3d 890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d).  A narrow exception to this rule was announced by the United States
Supreme Court in Solem v. Helm, which held that criminal sentences must
be proportionate to the crime and that even a sentence within the statutorily
prescribed range may violate the Eighth Amendment.  463 U.S. 277, 290 (1983).  Punishment
may be grossly disproportionate to a crime only when an objective comparison of
the gravity of the offense against the severity of the sentence shows the
sentence to be extreme.  Baldridge, 77 S.W.3d at 893 (citing Harmelin
v. Michigan, 501 U.S. 957, 1005 (1991) (plurality op.) (Kennedy, J.,
concurring)).  If we determine that the sentence is grossly disproportionate to
the offense, we must then consider the remaining factors of the Solem test
and compare the sentence received to (1) sentences for similar crimes in this
jurisdiction, and (2) sentences for the same crime in other jurisdictions.  Id.


As detailed above, appellant was placed on community
supervision for a drug offense on February 27, 2007.  There was evidence that in
March, April, and May 2007, the immediate three consecutive months after being
placed on community supervision, appellant’s urine tested positive for a
marijuana metabolite.  Additionally, the trial court found the allegation that
appellant had committed burglary of a habitation “true.”  This finding is
supported by the record:  Appellant admitted selling television sets to a pawn
shop; these television sets had been stolen shortly before appellant took them
to a pawn shop near the location from which they had been stolen.  Although
appellant stated that he was selling the television sets for a friend, the
trial court was entitled to disbelieve his explanation.  See James v. State,
48 S.W.3d 482, 486–87 (Tex. App.—Houston [14th Dist.] 2001, no pet.)
(concluding that factfinder was justified in rejecting as unreasonable and
false the appellant’s explanation that he was on his way to pawn recently
stolen property for “some other dude”).  Finally, appellant, who testified that
he had been employed for four years, admitted that he had failed to pay his
court-ordered community supervision and laboratory fees.  Indeed, appellant
failed to pay his community supervision fees for six out of the seven months he
was on community supervision before the State filed its motion to adjudicate
his guilt.

In determining an appropriate sentence, the trial
court may consider evidence of “any matter the court deems relevant to
sentencing.”  Tex. Code Crim. Proc. Ann.
art.  37.07, § 3 (Vernon 2008).  Appellant’s behavior while he was on community
supervision—continuing his drug use, committing burglary, and failing to pay
his court-ordered fees—indicates a complete disregard for the terms of his community
supervision.  Considering all the evidence, we conclude that the trial court’s
imposition of ten years’ incarceration, which falls within the legislatively
mandated range of punishment, is not grossly disproportionate to the offense.  Moreover,
appellant has provided no argument or authority concerning sentences imposed on
other individuals either in Texas or in other jurisdictions who committed a
similar offense so that we may consider the other two Solem factors.  See
Tex. R. App. P. 38.1(h); see
also Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no
pet.) (noting that even if the court wanted to consider the other Solem
factors, there was no evidence in the record reflecting sentences imposed for
similar offenses in Texas or other jurisdictions to which to compare the
appellant’s sentence). 

Under these circumstances, we conclude that the
sentence imposed in this case does not run afoul of the state or federal
prohibitions against cruel or unusual punishment, and we overrule appellant’s
second and third issues.

Conclusion

We affirm the trial
court’s judgment.

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Justice

 

Panel consists of Chief Justice Hedges,
Justice Anderson, and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant’s brief contains a fourth issue asserting that his punishment of
incarceration for sixty years is cruel and excessive; however, appellant was
not sentenced to incarceration for sixty years.  His second and third issues
correctly challenge his ten year sentence, so we do not address this fourth
issue.





[2]
Although appellant argues that the Texas Constitution affords greater
protection than the United States Constitution, he has not cited any cases in
which the Texas Constitution’s prohibition against “cruel or unusual”
punishment has been interpreted to provide more protection than the United
States Constitution’s prohibition against “cruel and unusual”
punishment.  Compare Tex. Const.
art. I, § 13 (prohibiting cruel or unusual punishment) with U.S. Const. amend. VIII (prohibiting
cruel and unusual punishment).  Further, our courts have consistently concluded
that there is “no significance in the difference” between the two
constitutional provisions.  Cantu v. State, 939 S.W.2d 627, 645 (Tex.
Crim. App. 1997).





* Senior Justice Margaret Garner Mirabal
sitting by assignment.