Affirmed and Opinion filed
May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00537-CR

____________

 

MCKINLEY BELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1138227

 

 

 



M E M O R
A N D U M   O P I N I O N

A jury convicted appellant of aggravated robbery and
sentenced him to confinement for 65 years in the Institutional Division of the
Texas Department of Criminal Justice.  In two issues on appeal, appellant
claims the evidence is legally and factually insufficient to support his
conviction.

The facts adduced at trial established that on October 19,
2007, at approximately 9:30 p.m., a man wearing a brown sweater and dark pants
entered the Pizza Hut managed by the complainant and stood by the door.  The
complainant noticed him and saw his face. Shortly thereafter, the same man, now
wearing the hood of the sweater and a bandana over his face, approached
complainant and demanded she open the cash register and give him the money. The
man pointed a firearm at the complainant.  The complainant was unable to open
and cash register and appellant eventually walked toward the back of the
restaurant.  The complainant and another employee ran out of the Pizza Hut and
over to a nearby Denny’s Restaurant, where a call to 911 was made.  

Officer B.L. Chebret of the Houston Police Department
responded to the call.  He was flagged down and advised the suspects were in a
small four-door car and the direction they were travelling.  Office Chebret
pursued the car until it stopped abruptly and two men exited the car, running
away.  Officer Chebret pursued and apprehended the driver, later identified as
appellant.  Officer Chebret recovered $527.50 from the ground and in a small
black bag located near appellant.  Inside the car, officers found a brown
sweater, a bandana, a loaded firearm, and a Pizza Hut receipt dated October 19,
2007, at 9:26 p.m.  Officer Chebret returned to the Pizza Hut with appellant,
and the complainant identified him.

In court, the complainant positively identified appellant as
the person who committed the robbery.  The complainant identified the sweater
found in the car as being the same one appellant was wearing when he committed
the robbery.  The complainant also identified the bandana found in the car as
being the same one appellant had worn over his face when he committed the
robbery.  The firearm found in the car was also identified by complainant as
being similar to the one pointed at her when appellant committed the robbery. 

Appellant did not testify.  No witnesses testified for the
defense.  In his brief, appellant does not specifically argue how the evidence fails
under either the standard for reviewing legal or factual sufficiency of the
evidence to support his conviction for aggravated robbery.  See James v.
State, 48 S.W.3d 482, 487 (Tex. App. – Houston [14th Dist.] 2001, no pet.).
  

Applying the elements of the offense to the facts of this
case, the State was required to prove, beyond a reasonable doubt, that in an
attempt to commit theft, and with intent to obtain control of the property,
appellant intentionally or knowingly threatened or placed another in fear of
imminent bodily injury or death.  See Tex. Pen. Code §§ 29.01, 29.02,
29.03, and 31.03.  Viewing all the evidence in the light most favorable to the
verdict, a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  Moreover, viewing the evidence in a
neutral light, the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  See Johnson v. State, 23
S.W.3d at 1, 7 (Tex. Crim. App. 2000).  Accordingly, we overrule both of
appellant’s issues and affirm the trial court’s judgment. 


                                                                        PER
CURIAM

 

 

Panel
consists of Justices Brown, Sullivan, and Christopher.

Do not
publish - Tex. R. App. P.
47.2(b).