**AFFIRM; Opinion issued March 27, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00669-CR**

**T. J. HAGWOOD, Appellant**
**v.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F10-17402-Y**

## OPINION

Before Justices FitzGerald, Fillmore, and Richter[1]
Opinion by Justice FitzGerald

A jury found appellant guilty of burglary of a building. After the trial court found two enhancement paragraphs true, he was sentenced to two years' imprisonment. In two issues on appeal, appellant challenges the sufficiency of the evidence to support his conviction. He further contends the trial court erroneously relied on a prior felony conviction to enhance his punishment because the evidence showed only that he had been convicted of a misdemeanor. Finding no reversible error, we affirm the trial court's judgment.

## BACKGROUND

At approximately 1:00 a.m. on December 11, 2010, Dallas Independent School District (DISD) police officer Paul Cuara was alerted that a silent alarm at the Harrell Bud Elementary

---

[1] The Hon. Martin E. Richter, Retired Justice, Sitting by Assignment.

School had been triggered. He responded to the alarm within three to four minutes. On his way to the campus, he observed a man later identified as appellant sitting on a bicycle on a street corner near the school. Appellant was holding a gym bag and a large black case. Because Officer Cuara's wife is a teacher and he spends time as a volunteer in the schools, Officer Cuara recognized the black case as DISD property. When Officer Cuara made eye contact with appellant, appellant immediately began to peddle away. Officer Cuara turned his car around, activated his lights and siren, and followed appellant.

Officer Cuara approached appellant, exited his vehicle, and ordered appellant to stop. Appellant looked at the officer but did not stop immediately. Officer Cuara thought it looked as though appellant wanted to "take off," but appellant stumbled and fell to the ground. Officer Cuara ordered appellant to "prone out" on the ground and contacted the dispatcher. Another DISD police officer, Officer Belmares, arrived at the scene and placed appellant in handcuffs. Officer Cuara observed what appeared to be DISD property inside the open bag appellant was carrying. When the contents of the bag were examined, the officers found a focus machine, a recording device, and other DISD property. Although Officer Cuara did not ask, appellant told Officer Cuara that he found the property. At the time of his arrest, appellant was also in possession of a pair of gloves, a sheetrock saw, a screwdriver, and a flashlight.

At the school, the responding officers and the facilities supervisor for the school, Mr. Nicholas Barnett, observed a broken window in the cafeteria. Barnett testified that the window was approximately five feet wide and two or two-and-a-half feet tall. There was broken glass inside the building, and some jagged-edged glass remained around the edges of the window frame, suggesting that the window had been broken from the outside. All of the doors were locked except the doors in the media center and room 101. At trial, Ms. Maya Lagbara, the

principal of the school, identified the property found in appellant's possession as an "Epson in-focus machine that's used to project information from books or overhead projector onto the walls in the classroom," and a listening station used with headphones. Lagbara testified that appellant did not have permission to be in the school and both Lagbara and Barnett testified that appellant did not have permission to possess the property.

## ANALYSIS

### *Enhancement Paragraph*

In his first issue, appellant argues the trial court erroneously relied on a prior felony conviction to enhance his punishment because the evidence shows the conviction in question was for a misdemeanor. Appellant further asserts there is a variance between the offense alleged in the State's Notice of Intent to Enhance and the offense shown in the judgment.

Prior to trial, the State provided notice of two prior convictions to be used for enhancement purposes: a conviction for possession of a controlled substance (the "possession conviction") and a conviction for burglary of a building (the "burglary conviction"). The prior conviction at issue here, the possession conviction, was described as follows:

> Prior to the commission of the offense set out above, [appellant] was finally convicted of the felony offense of POSSESSION OF CONTROLLED SUBSTANCE in the CRIMINAL DISTRICT COURT #1 of DALLAS County, Texas, in cause number F0859404, on the 06th day of OCTOBER, 2008.

During the punishment phase, the State introduced the judgment of conviction and appellant's judicial confession for the controlled substance offense. The judgment describes the offense as "Attempted Possession of a Controlled Substance, To wit: Cocaine." The judgment further reflects that the offense arises pursuant to section 481.115 of the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The judgment describes the degree of offense as "State jail felony-sec 12.44(a) PC."

The accompanying judicial confession, signed by appellant, states, in pertinent part, "I judicially confess . . . I did unlawfully, intentionally, and knowingly possess a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram. I further confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this case." The attached indictment reflects that appellant was charged with possession of cocaine.

At the close of the evidence, appellant's counsel pointed out that the judgment reflects a conviction for "attempted possession of a controlled substance," while the notice of enhancement refers to a conviction for "possession of a controlled substance." Counsel argued that "because of the inconsistency in the State's evidence," the State failed to prove beyond a reasonable doubt that the conviction was for a felony offense. Counsel underscored his argument with reference to appellant's testimony that he understood the controlled substance conviction to be a misdemeanor. As a result, counsel argued appellant's punishment in this case should be assessed within the range for a state jail felony. The State responded that the reference to "attempted possession" was a typographical error.

When the arguments concluded, the trial judge found both enhancement paragraphs true. In so doing, the judge acknowledged that the judgment says "attempted possession," but noted that it also says "State Jail Felony offense." The court further noted that, "if you look at the judicial confession, it is a state jail felony offense and mirrors the indictment, which is a state jail felony offense. So I agree that it's a typographical error." Accordingly, the trial judge concluded, "the punishment range applicable to the offense in this case is from two to ten years' imprisonment."

We first address appellant's contention that the trial court erred in finding the enhancement paragraph for the possession offense true. According to appellant, the trial court's determination was erroneous because the evidence reflected only a conviction for a misdemeanor offense.

Appellant was charged with a state jail felony under TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012). To enhance the punishment for a state jail felony under this section, the State was required to prove that appellant had been previously convicted of two prior state jail felonies. TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2012). To establish a prior conviction for sentence enhancement purposes, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted"). While a certified copy of a final judgment and sentence may be the most convenient way to prove a prior conviction, there is no required "mode of proof" for the two elements. *Flowers*, 220 S.W.3d at 921–22. As the *Flowers* court aptly observed, "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id*. at 922*; see Human v. State,* 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). For example, the State can meet its burden by introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d at 921–22. Then, the factfinder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Id*.

In the present case, notwithstanding the description of the offense in the judgment, the indictment and judicial confession reflect that appellant was convicted of possession of cocaine. And other entries in the judgment reflect appellant was convicted of a state jail felony rather than a misdemeanor. Specifically, the judgment refers to section 481.115 of the health and safety code, which is entitled "Offense: Possession of Substance in Penalty Group 1." The substance of the statute provides that possession of less than one gram of a substance listed in Penalty Group 1 is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Read as a whole, the reference to a state jail offense on the judgment, together with the indictment and judicial confession establish that appellant was previously convicted of possession of cocaine as alleged in the State's notice of intent to enhance. Therefore, the trial court did not err in finding the enhancement paragraph concerning the possession offense true. Appellant's first issue is overruled.

### Sufficiency of the Evidence

In his second issue, appellant asserts the evidence is insufficient to support his conviction because the evidence adduced at trial established that his explanation as to why he possessed the stolen items was not false or unreasonable. We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). In so doing, we "view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id*. (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In conducting our review, we may not re-evaluate the weight and credibility

of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

A person commits the offense of burglary of a building if, without the effective consent of the owner, the person enters a building or any portion of a building not then open to the public, with intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Direct evidence of entry is not required; that element may be established by inference, just as inferences may be used to prove the elements of any other offense. *Lopez v. State*, 884 S.W.2d 918, 921 (Tex. App.—Austin 1994, pet. ref'd). A defendant's unexplained possession of property recently stolen in a burglary also permits an inference that the defendant is the one who committed the burglary. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). But if the defendant offers an explanation for his possession of the stolen property, the record must demonstrate that the account is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. *See Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.). The falsity of an explanation may be shown by circumstantial evidence. *Adams*, 552 S.W.2d at 815.

Here, appellant was found in possession of the property within minutes of the discovery that the property was missing. Generally, the shorter the period of time between the taking of the property and defendant's possession of the property, the stronger the inference of guilt from the circumstance of possession. *See Jackson v. State*, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref'd) (citing *Hardage v. State*, 552 S.W.2d 837, 840 (Tex. Crim. App. 1977)). The property in appellant's possession was the same property that had been taken from the school, where a window in the cafeteria had been broken. Appellant was observed in close proximity to the school only minutes after the alarm was triggered.

Appellant insists his explanation — that he found the property — placed a "heavy burden" on the State to establish his explanation was false. This determination, however, was a fact question to be decided by the jury, and the jury could reasonably reject appellant's explanation. *See Jackson*, 12 S.W.3d at 840; *see also James v. State*, 48 S.W.3d 482, 496–97 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (concluding evidence legally sufficient where defendant claimed someone had given him stolen bicycle in his possession). Appellant offered no explanation as to where he found the property, and he did not immediately yield to the officer's order to stop. In addition, at the time of his arrest, appellant was in possession of items generally considered burglary tools. *See, e.g., Bordelon v. State*, 683 S.W.2d 9, 12 n.3 (Tex. Crim. App. 1985) (possession of tools used to commit offense admissible in burglary case as circumstance from which it may be inferred that such tools were used to commit the offense). Under these circumstances, deferring to the jury's determination of the credibility of the evidence, we conclude the evidence was sufficient to support appellant's conviction for burglary of a building. Appellant's second issue is overruled.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
_____
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110669F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

T.J. HAGWOOD, Appellant

No. 05-11-00669-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F10-17402-Y.
Opinion delivered by Justice FitzGerald, Justices Fillmore and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 27, 2013.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE